UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Oppenheimer Equity Fund Inc. et al.,

                        Plaintiff(s),
      -against-

American International Group, Inc. et al.,
                        Defendant(s).

No. 12 Civ. 523 (LTS)
INITIAL CONFERENCE ORDER



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 31 2012

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1.     This case has been designated for inclusion in the S.D.N.Y. Pilot Project for Complex Civil Cases.

2.     It is hereby ORDERED that a pre-trial conference will be held in the above-captioned matter on **April 20, 2012 at 10:15 a.m.** in Courtroom No. 11C[1], Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007. It is further

3.     ORDERED that counsel[2] for Plaintiff(s) must serve a copy of this Initial Conference Order within fourteen (14) calendar days following the date of this order, on each Defendant that has already been served with the summons and complaint, that a copy of this Initial Conference Order must be served with any subsequent process that brings in additional parties, and that proof of such service must be filed promptly with the Court. It is further

4.     ORDERED that counsel for the parties confer preliminarily at least twenty-one (21) days prior to the date set forth in paragraph 1 above to discuss the following matters:

    a.     Facts that are not disputed and facts that are in dispute.
    b.     Contested and uncontested legal issues.
    c.     All applicable matters described in section I.A. of the S.D.N.Y., October 2011 Judicial Improvements Committee Report Concerning the Pilot Project Regarding Case Management Techniques for Complex Civil Cases ("Complex Case Management Report") and Exhibits A and B thereto.
    d.     Whether each party consents to trial of the case by a magistrate judge.

It is further

---

[1]     On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

[2]     As used in this Order, the term "counsel" means, in the case of an individual party who is proceeding Pro-se, such party.

5. ORDERED that counsel for all parties must confer and must prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than seven (7) calendar days before the date set forth in paragraph 2 above a single document captioned Initial Conference Report, which must be signed by all counsel, and must set forth the following information, and which will constitute the written report required by Fed. R. Civ. P. 26(f):

   a. A concise statement of the nature of this action.
   b. A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.
   c. A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).
   d. Whether and to what extent proceedings in this case should be coordinated with those in In Re 2008 AIG Securities Litigation, lead docket no. 08 civ 4772 (LTS).
   e. The applicable information called for by section I.A. of the Complex Case Management Report and Exhibits A and B thereto, including a Joint Electronic Discovery Submission and Proposed Order if applicable.

   It is further

6. ORDERED that counsel must be prepared to discuss the foregoing at the pre-trial conference, as well as the matters described in section 1.B. of the Complex Case Management Report.

7. ORDERED that counsel attending the pre-trial conference must seek settlement authority from their respective clients prior to such conference. "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

8. In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

9. This case has been designated an electronic case. Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing promptly upon appearing in the case.

   IT IS SO ORDERED.

Dated: New York, New York
       January 31, 2012

LAURA TAYLOR SWAIN
United States District Judge